IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NISHAN SINGH,**<br>Plaintiff,<br>**v.**<br>**JONATHAN CRAWFORD, et. al,**<br>Defendants. | 1:13-cv-01895 MJS<br>**ORDER GRANTING MOTION TO REMAND**<br>**[Doc. 9]** |

This is an immigration case in which Plaintiff Nishan Singh seeks to compel action on his long pending application for naturalization. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 7-8.) On January 29, 2014, Defendants filed a motion to remand. (ECF No. 9.) On February 13, 2014, Plaintiff filed an opposition to the motion. (ECF No. 12.)

Plaintiff, a resident of the Eastern District of California, filed an application for naturalization with Defendants United States Citizenship and Immigration Services ("USCIS") on or about December 15, 2011. He was interviewed and tested by USCIS on or about May 29, 2012. Reportedly his application was approved on July 31, 2012.

However, because USCIS later determined its approval had been given contrary to agency procedure and thus erroneously, Plaintiff has never been administered the oath of citizenship.

The law provides that if USCIS fails to make a determination on a naturalization application within 120 days of the date of the agency interview, the applicant may apply to the district court for a hearing on the matter. 8 U.S.C. § 1447(b). Plaintiff so proceeds here.

Once a lawsuit is filed under 8 U.S.C. § 1447(b), the Court has exclusive jurisdiction over the matter. U.S. v. Hovsepian, 359 F.3d 1144, 1160 (9th Cir. 2004). The Court has authority to make a judicial determination of naturalization or remand the matter to USCIS with instructions to adjudicate. 8 U.S.C. § 1447(b) ("the court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter."). The decision whether to remand is entirely within this Court's discretion. Hovsepian, 359 F.3d at 1161.

In this case, USCIS has exceeded the 120 day requirement more than four times over. It maintains it is nevertheless moving the case forward diligently, and attaches a declaration reflecting its initiation of corrective action in October 2012. USICS asks the court to remand the case to allow the agency to complete action on the application. Plaintiff opposes remand because his counsel has concerns about the integrity of a member of the agency's local staff.[1]

USCIS's failure to resolve this matter within the sixteen months which have passed since it requested the missing file suggests anything but diligence. The delay is disturbing and not explained. Nevertheless, the Court believes that all parties and the

---

[1] Plaintiff's concerns are based on UCCIS Service Officer's alleged improper conduct in a separate matter. The Supreme Court has held bias on behalf of judicial officials requires a showing of "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); United States v. McTiernan, 695 F.3d 882, 891-892 (9th Cir. 2012). Plaintiff's claim that the Service Officer used false evidence in another proceeding is not sufficient to raise a claim of bias here. The alleged misconduct was not directed towards Plaintiff, and there is nothing but counsel's unsupported apprehension to suggest it will be.

court will benefit from the agency bringing its expertise to bear on this matter, and, by requiring action within a short period of time the Court can prevent further delay. Accordingly, the request to remand is granted.

This is in keeping with courts' traditional deference to agency expertise. The executive branch is uniquely well-suited to determine Plaintiff's eligibility for naturalization. INS v. Orlando Ventura, 5 U.S. 12, 17 (2002) ("The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway the law provides."). Although district courts have jurisdiction to decide applications for naturalization, the vast majority of courts remand these matters to the USCIS to decide in the first instance whether to grant or deny citizenship. See Maniulit v. Mayorkas, 12-cv-4501, 2012 WL 5471142, at *3 (N.D. Cal. Nov. 9, 2012) ("[U]nlike district courts, USCIS is charged with deciding naturalization applications frequently and is therefore better equipped to apply immigration laws thoroughly and consistently."); Roberts v. Holder, No. 11–1941, 2012 WL 2563880, at *2 (D.Md. June 29, 2012) ("[The] vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to CIS") (citation omitted); Volovnikov v. DHS, No. 07–3607(EDL), 2008 WL 666023, at *3 (N.D.Cal. March 6, 2008) (listing district courts which remanded to the USCIS); Paten v. Hansen, No. 07–0792 2008 WL 148947, at *1 (S.D.Ohio Jan.4, 2008) ("Almost without exception, courts have elected to remand [naturalization] questions to the USCIS.")); see also Deng v. Chertoff, No. 06–7697(SI), 2007 WL 1501736 (N.D.Cal. May 22, 2007) ("The Court finds it appropriate to remand this action to USCIS because that agency has considerably more expertise than the in adjudicating naturalization petitions.").

If naturalization is denied on remand, Plaintiff has the right to seek review from an immigration judge. 8 C.F.R. § 336.2(b). The immigration judge presiding over the appellate hearing must be "an officer other than the officer who conducted the original examination," who will be able to address any claims of improper conduct during the

naturalization determination. Id. Plaintiff will also have retained his right to return to this Court after a hearing before an immigration officer pursuant to 8 U.S.C. § 1421(c). Such review ensures that Plaintiff will have an opportunity to address any issues with the naturalization adjudication, if desired.

USCIS advises it has committed itself to completing its adjudication of this matter within 60 days. Accordingly, the Court's order of remand pursuant to 8 U.S.C. § 1447(b) will require adjudication by USCIS within 60 days.

Accordingly, for the reasons and on the terms set forth above, the matter is remanded to the United States Citizenship and Immigration Services pursuant to 8 U.S.C. § 1447(b). The United States Citizenship and Immigration Services is hereby ordered to complete its adjudication of this application within 60 days from the date of this order.

IT IS SO ORDERED.

Dated: March 6, 2014

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE