IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NISHAN SINGH,** | 1:13-cv-01895 MJS |
| Plaintiff, | **ORDER GRANTING MOTION FOR ATTORNEY FEES** |
| **v.** | **[Doc. 20]** |
| **JONATHAN CRAWFORD, et. al,** | |
| Defendants. | |

I.   <u>**INTRODUCTION**</u>

Plaintiff is an applicant for naturalization who brought suit in this Court against Defendant Jonathan Crawford, Officer in Charge of the Fresno Office of the United States Citizenship and Immigration Services (CIS), and Eric Holder, Attorney General of the United States for CIS's alleged failure to resolve his naturalization petition in a timely fashion. On Defendant's motion, this Court remanded the action to CIS for adjudication of Plaintiff's petition. Plaintiff now seeks attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

II.   <u>**FACTUAL BACKGROUND**</u>

Plaintiff applied for naturalization on December 15, 2011. Following a May 29,

1  2012 CIS interview, he was advised on July 31, 2012, that his application had been

2  approved. However, CIS later reportedly determined that its approval had been given

3  contrary to agency procedure and thus erroneously. Even though  the law requires that a

4  determination on such an application be made within 120 days of the CIS interview (8

5  C.F.R. § 335.3, 8 U.S.C. § 1447(b)), no action had been taken on Plaintiff's application

6  as of the time he filed suit in this Court a year later on November 21, 2013.

7  Defendants responded by conceding the delay, but attributing it to a "mistake" in

8  their process which incorrectly reflected that Plaintiff was to be approved. Defendants

9  also advised that they had discovered the mistake in October 2012 and were working

10  diligently to correct it. On January 29, 2014, Defendants petitioned this Court to remand

11  the case to CIS pursuant to an order that it act on the application within sixty days.

12  Plaintiff opposed the motion, but on the basis of a concern not germane to this case.

13  The Court concluded that all parties would benefit from the agency bringing its

14  expertise to bear on the matter and so, as requested by Defendants, remanded the case

15  for agency action within sixty days of the date of the remand order.

16  Based upon the Court's remand order, Plaintiff seeks an award of its attorney fees

17  and costs incurred in the litigation which produced the order.

18  **III.** **LEGAL STANDARD**

19  Under the Equal Access to Justice Act, a court "shall award" attorney fees, costs

20  and other expenses to a "prevailing party" in a civil action "brought by or against the

21  United States in any court having jurisdiction of that action, unless the court finds that

22  the position of the United States was substantially justified or that special circumstances

23  make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

24  However, a plaintiff is not entitled to attorney fees, costs and other expenses in a

25  civil action against the United States, despite satisfying the "prevailing party" test, if the

26  government, bearing the burden of proof, demonstrates that its position "was

27  substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

28  2412(d)(1)(A); see Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013); Sampson v.

2

1    Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) Barry v. Bowen, 825 F.2d 1324, 1330 (9th

2    Cir.1988). Stated differently, the government's position must have a "reasonable basis

3    both in law and fact." Meier, 727 F.3d at 870.

4    **III.    ANALYSIS**

5         Plaintiff requests $2,465.00 in attorneys' fees and costs. For the reasons stated

6    herein, the Court awards Plaintiff the full amount requested.

7         **A.    Prevailing Party**

8         The parties first dispute whether Plaintiff was the prevailing party so that an award

9    of attorneys' fees is proper under the EAJA.

10        In the absence of a statutory definition, a plaintiff is a "prevailing party" for

11   purposes of the EAJA if he or she "succeed[s] on any significant issue in litigation which

12   achieves some of the benefit the parties sought in bringing suit." See United States v.

13   Real Property Known as 22249 Dolorosa Street, 190 F.3d 977, 981 (9th Cir. 1999)

14   (internal citations and quotation marks omitted). National Wildlife Federation v. Federal

15   Energy Regulatory Comm'n, 870 F.2d 542, 544 (9th Cir. 1989).

16        There must, however, be a "judicial imprimatur" that changes the legal

17   relationship of the parties. Watson v. County of Riverside, 300 F.3d 1092, 1096 (9th

18   Cir.2002). An agreement between the parties that is adopted as an order of the court

19   can suffice. Carbonell v. I.N.S., 429 F.3d 894, 900–901 (9th Cir. 2005) (court-ordered

20   stay of deportation, upon the stipulation of the parties, rendered plaintiff a prevailing

21   party). Moreover, a plaintiff can be a prevailing party on an action even if he does not

22   win the underlying relief he seeks from the agency. See, e.g., Rueda–Menicucci v. INS,

23   132 F.3d 493, 495 (9th Cir.1997). (remand to INS to reconsider a prior decision sufficed

24   to give plaintiff prevailing party status, regardless of whether he ultimately prevailed in

25   the agency action). A plaintiff may also be a prevailing party even if his claim later

26   becomes moot. Watson, 300 F.3d at 1096; Williams v. Alioto, 625 F.2d 845, 847 (9th Cir.

27   1980); Californians for Alternatives to Toxics v. U.S. Forest Service, No. S–05–1502,

28   2007 WL 2993132 (E.D.Cal. Oct. 11, 2007) (Karlton, J.).

Here, the Court concludes that plaintiff was the prevailing party. He filed his suit in this Court because CIS had allegedly failed to timely adjudicate his naturalization petition, and he sought review of that petition. By remanding the case to the CIS, the Court effectuated that review, albeit by CIS rather than the Court and at the request of CIS. In that sense, Plaintiff obtained the relief he sought. The fact that it was Defendant who sought the remand, and did so over Plaintiff's objection, does not take away from the fact that this action produced what Plaintiff brought suit to obtain - action on his application. The fact, commented on in the remand order, that CIS had discovered its error some sixteen months earlier and still had not resolved the application issue, emphasizes the need for and effectiveness of the Plaintiff's suit.  Quite simply that suit was successful in producing action where there had been none. Also, there was, in this case, a "judicial imprimatur" on the changed relationship between the parties by which CIS was required to review Plaintiff's petition within sixty days. This suffices to render him the prevailing party in his action.

Defendant sites to a variety of cases, in and outside of this district and this circuit, which have produced both similar and different results. Having reviewed each and every of those cases, the Court finds that the facts and circumstances here are most similar to those in Ibrahim v. Chertoff, 2009 U.S. Dist. LEXIS 16148, 1 (E.D. Cal. Feb. 9, 2009), and further that applications of Judge Lawrence Karlton's reasoning in that decision to the facts of this case produces the same result here.

**B.     Substantial Justification of the Government's Position**

Defendants argue that the agency's underlying position of untimely disposition of Plaintiff's application was substantially justified because it has a duty not to administer the oath of citizenship until it correctly completes its investigation and properly reassess Plaintiff's eligibility for naturalization.

Be that as it may, Defendants have offered no justification for their delay and inaction for sixteen months from when they discovered the error in Plaintiff's application procedures and when Plaintiff filled the suit which produced the Court's remand order. It

1   appears the problem and the delay resulted from simple error or inadvertence. While

2   Defendants are not to be punished for innocent error, its commission is less than a

3   justification for the unacceptable delay here.

4       **C.**    **Amount of Award**

5       The starting point for calculating the amount of a reasonable fee is the number of

6   hours reasonably expended multiplied by a reasonable hourly rate. See Hensley v.

7   Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

8       Under the EAJA, attorneys' fees are award at an hourly rate of $125, unless the

9   court determines a cost-of-living increase or "a special factor, such as the limited

10   availability of qualified attorneys for the proceedings involved" warrant a rate increase.

11   28 U.S.C. § 2412(d)(2)(A). Here, Plaintiff seeks attorneys' fees at $125 per hour. There

12   is no evidence tendered to the court as to why that fee is not appropriate.

13       A court may only award attorney fees for those hours reasonably expended,

14   excluding any "excessive, redundant, or otherwise unnecessary" hours. Hensley, 461

15   U.S. at 434. Time expended on the fee motion can be included in the award.

16   Commissioner, INS v. Jean, 496 U.S. 154, 162, 110 S.Ct. 2316, 110 L.Ed.2d 134

17   (1990).

18       Plaintiff's counsel has tendered evidence supporting his representation of having

19   spent 16.4 hours on this case. A review of counsel's time log indicates that this is a fair

20   representation of the work expended and does not contain redundancies or otherwise

21   reflect inflated figures. The Court therefore awards plaintiff 16.4 hours in attorneys' fees.

22       Finally, the EAJA provides that the prevailing party can recover litigation

23   expenses and costs in addition to attorneys' fees. 28 U.S.C. § 2412(a)(1); §

24   2412(d)(1)(A). "Expenses" includes those that are normally billed a client, such as

25   telephone calls, postage, and attorney travel expenses. International Woodowrkers,

26   Local 3–98 v. Donovan, 792 F.2d 762, 767 (9th Cir. 1986). Here, Plaintiff's counsel has

27   tendered evidence that he incurred expenses for filing and service of process fees,

28   totaling $415.00.  The Courts finds the expenses are reasonable, and that Plaintiff is

entitled to the recovery of the costs.

**IV.**     **CONCLUSION**

        For the reasons stated herein, Plaintiff's motion for attorney's fees is GRANTED.

Plaintiff is awarded $2,050 in fees and $415.00 in costs, for a total award of $2,465.00.

IT IS SO ORDERED.

Dated:    June 23, 2014                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE